1 ROGER M. MANSUKHANI (SBN: 164463)
rmansukhani@grsm.com
2 BLAKE R. JONES (SBN: 211221)
bjones@grsm.com
3 KARA D. KEISTER (SBN: 250260)
kkeister@grsm.com
4 GORDON REES SCULLY MANSUKHANI
633 West Fifth Street, 52nd Floor
5 Los Angeles, CA 90071
Telephone: (213) 334-7212
6 Facsimile: (213) 680-4470

7 Attorneys for Defendant/Cross-Complainant CYSTIC FIBROSIS FOUNDATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| PETER TUCKER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CYSTIC FIBROSIS FOUNDATION, and Does 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 2:18-cv-00528-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Magistrate Judge Carolyn Delaney<br>Courtroom 24<br><br>Hon. District Judge Morrison C. England, Jr.<br>Courtroom 7 |
| AND RELATED CROSS-ACTIONS | Complaint Filed: October 16, 2017 |

**IT IS HEREBY STIPULATED** by and between Plaintiff/Cross-Defendant, PETER TUCKER ("Plaintiff"), and Defendant/Cross-Complainant CYSTIC FIBROSIS FOUNDATION ("Defendant") through their respective attorneys of record, as follows:

**WHEREAS**, the parties expect that discovery in this action will encompass confidential and proprietary documents and trade secrets of one or more parties, including without limitation employee personnel files; workers' compensation files; human resources investigation documents; employee performance evaluations, letters of counseling, disciplinary proceedings, and related supporting documents; Plaintiff's medical records and psychiatric records; communications between Plaintiff's medical provider and Defendant; training manuals; business strategies, internal communications and/or processes or systems, and potentially other non-public information, such as medical or other confidential information of Plaintiff or witnesses.

**THEREFORE**, it is hereby stipulated, and the parties hereby request, that the Court enter a protective order as follows:

**I.  SCOPE:**

A.  This Protective Order shall limit the use and/or disclosure of documents, deposition testimony, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" and shall apply to:

    1.  All such documents so designated in accordance with this Protective Order and all information contained therein;

    2.  Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any designated "CONFIDENTIAL" information;

    3.  All information, copies, extracts, and complete or partial summaries prepared or derived from information that was designated "CONFIDENTIAL";

    4.  Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court under seal, which include or refer to any information designated "CONFIDENTIAL"; and

    5.  Any document exchange in connection with, or related to, any mediation, or proposed mediation.

B.  Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

C.  "Confidential Information" is defined as documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets; (b) business strategies, (c) internal communications and/or processes or systems (d) employee personnel files; (e) workers' compensation files; (f) human resources investigation documents; (g) employee performance evaluations, letters of counseling, disciplinary proceedings, and related supporting documents; (h) Plaintiff's medical records and psychiatric records; (i) communications between Plaintiff's

1  medical provider and Defendant; (j) training manuals; and (k) potentially other non-public

2  information, such as medical or other confidential information of Plaintiff or witnesses.

3    D. Nothing in this Order and no party's designation of any document as

4  "CONFIDENTIAL" shall be construed to constrain, preclude, or otherwise affect the use

5  (including the ability to include the document or information in papers not filed under seal) of

6  another party's documents which are duplicates of such designated documents provided that such

7  duplicate documents were lawfully obtained by such party through means independent of the

8  discovery process.

9    E. A party's or a non-party's failure to designate a document as its Confidential

10  Information where the document was produced by another party and designated by the producing

11  party as that party's Confidential Information shall not be construed to waive the non-

12  designating party's claim, with respect to present and future litigation between these or other

13  parties, that the document contains the non-designating party's Confidential Information.

14  Further, a party may later designate documents it has produced as CONFIDENTIAL even if

15  previously not designated as such, so long as the party in good faith determines that such

16  documents should have been designated as CONFIDENTIAL.

17  **II. <u>DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL":</u>**

18    A. Designation of a document as "CONFIDENTIAL" by the producing party or non-

19  party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page

20  thereof.

21    B. Designation of a deposition or other pretrial testimony, or portions thereof, as

22  "CONFIDENTIAL" shall be made by a statement on the record by counsel for the party or other

23  person making the claim of confidentiality at the time of such testimony. The portions of

24  depositions so designated as "CONFIDENTIAL" shall be taken only in the presence of persons

25  qualified to receive such information pursuant to the terms of this Protective Order, the court

26  reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a

27  request to leave the deposition room will constitute sufficient justification for the witness to

28  refuse to answer any question calling for disclosure of Confidential Information so long as

Gordon & Rees Scully Mansukhani LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 persons not entitled by this Protective Order to have access to such information are in attendance.
2 Thereafter, any counsel may reopen the deposition into areas which the witness refused to
3 answer after bringing a motion for protective order to resolve whether the person who refused to
4 leave the deposition should be allowed to be present during questioning. After resolution of said
5 motion, counsel shall be allowed to continue said deposition with respect to the questions, and
6 lines of questioning, which the deponent refused to answer, though the court may order that the
7 deposition continue outside the presence of the person who refused to leave the initial deposition.
8 The applicable portions of such deposition transcripts shall be clearly marked
9 "CONFIDENTIAL" on each page containing the Confidential Information.

D. Any party or non-party may designate documents or portions of deposition transcripts as containing Confidential Information even if not initially marked as "CONFIDENTIAL" or in accordance with the terms of this Protective Order by so advising counsel for each party in writing within twenty-one (21) calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as Confidential Information. Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order. Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL" at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

### III. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:

A. No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for or trial of this action in accordance with the provisions of this Protective Order.

B. Confidential Information designated "CONFIDENTIAL" shall not be disclosed

by any person who has received such information through discovery in this action to any other person except to:

    1.    Counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation;

    2.    The parties hereto, and their present officers, directors and employees;

    3.    Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

    4.    Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

    5.    Court reporters and similar personnel, provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

    6.    Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information. In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information

1 at issue, and to apply to the Court for a further Protective Order or other appropriate

2 relief; and

3     7. Any other person, either with the prior written consent of the party who

4 has designated such information as confidential or pursuant to a Court order.

5     8. The jury, judge and court personnel at time of trial.

6 C. Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii) or 3(c)(vi)

7 receives or is shown any document or information which has been designated as confidential,

8 such person shall be given a copy of this Protective Order and shall agree in writing, in the form

9 of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as Exhibit

10 A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement

11 shall be maintained by counsel, and transmitted by facsimile to all other counsel of record. If

12 any counsel objects to showing the signatory documents subject to this Order, the objecting party

13 shall give facsimile notice of its objections and the grounds therefore and shall have five

14 business days to file and serve a motion for protective order. If no objection is raised or no

15 motion for protective order is filed and served within five days thereafter, all objections to

16 showing the signatory documents shall be waived and the signatory may be shown the

17 documents subject to this Order. If the person does not so agree, the person may not be shown

18 the document until after a motion for protective order is brought and an order obtained

19 preventing the person from misusing any information in the document.

20 D. Nothing in this Protective Order shall be construed to require execution of the

21 written Acknowledgment and Agreement referred to in paragraph 3(d) above, or to prevent

22 disclosure of Confidential Information, by the party producing and designating such Confidential

23 Information, or by any employee of such party.

24 **IV. <u>FILE UNDER SEAL:</u>**

25 All Confidential Information filed with the Court and any pleading or other paper

26 containing Confidential Information shall be filed under seal and marked:

27 "CONFIDENTIAL INFORMATION. This envelope contains documents that are subject

28 to a Protective Order of this Court and shall not be opened or unsealed by anyone except the

1  Court or its staff, without the prior written consent of counsel for the parties hereto or pursuant to
2  order of this Court. If the contents of this envelope are so unsealed, they shall thereafter be
3  resealed."

4  The envelope shall not be opened without further order of the Court.

5  Nothing shall be filed under seal, and the court shall not be required to take any action,
6  without a separate prior order by the Judge before whom the hearing or proceeding will take
7  place, after application by the affected party with appropriate notice to opposing counsel.

## V. CHALLENGE TO CONFIDENTIALITY DESIGNATION:

Any party who disagrees with the designation by a party of a document or other information as "CONFIDENTIAL" may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential. Prior to bringing such motion, a party who objects to any other party's designation of documents or other information as "CONFIDENTIAL" shall notify the other party in writing of the objection. The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as "CONFIDENTIAL" or all documents and information previously designated as "CONFIDENTIAL" under the terms of this Protective Order. If a motion challenging the confidentiality designation is brought, the party or person asserting that a document or other information is properly designated as "CONFIDENTIAL" or shall bear the burden of proving that the document or other information is Confidential Information.

## VI. SURVIVAL OF ORDER - RETURN OF DOCUMENTS:

A.  The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. Upon completion of the litigation, all

Gordon & Rees Scully Mansukhani LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

B.  Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

## VII. USE OF OWN DOCUMENTS BY PRODUCING PARTY:

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL."

## VIII. APPLICATIONS TO COURT:

A.  This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available.  This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

B.  Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

C.  The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate

remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order.  The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

## IX. NO ADMISSIONS:

Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" or" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL."  This Order is not intended to modify or waive the provisions of the Federal Rules of Civil Procedure or the Evidence Code.  This Order does not require the production of documents or information that would otherwise be non-discoverable.

## X. SUBPOENA BY OTHER COURTS OR AGENCIES:

If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

## XI. MODIFICATION - FURTHER AGREEMENTS:

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect Confidential Information.

Further, the Court may modify the protective order in the interests of justice or for public

policy reasons.

**XII. <u>COUNTERPARTS:</u>**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

I hereby consent to the form, substance of this agreement and consent to entry of this agreement as an order.

**IT IS SO STIPULATED**.

Dated: September 7, 2018                LAW OFFICES OF JAMES E. McGLAMERY


By: _____
JAMES E. McGLAMERY
Attorneys for Plaintiff/Cross-Defendant
PETER TUCKER


Dated: September 7, 2018                GORDON REES
SCULLY MANSUKHANI, LLP


By: _____
ROGER M. MANSUKHANI
BLAKE R. JONES
Attorneys for Defendant/Cross-Complainant
CYSTIC FIBROSIS FOUNDATION

///
///
///
///
///
///
///

## **ORDER**

In addition to the above Stipulation between the parties–which the Court adopts in its entirety–the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated: September 7, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE